# SEYFARTH SHAW

620 Eighth Avenue

New York, New York  10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

WASHINGTON, D.C.   SYDNEY   SHANGHAI   SAN FRANCISCO   SACRAMENTO   NEW YORK   MELBOURNE   LOS ANGELES   LONDON   HOUSTON   CHICAGO   BOSTON   ATLANTA

Writer's direct phone

(212) 218-5629

Writer's e-mail

rwhitman@seyfarth.com

July 2, 2015

*Via ECF and Email (Torres_NYSDChambers@nysd.uscourts.gov)*

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Klein v. Octagon Marketing and Athlete Representation et al.*
No: 14-CV-6770 (AT)

Dear Judge Torres:

We represent the Defendants in the above-referenced action. We write to advise the Court of today's decision by the Second Circuit in *Glatt v. Fox Searchlight Pictures, Inc.*, No. 13-4478 (2d Cir. July 2, 2015). The decision relates to Plaintiff's motion for conditional certification under the Fair Labor Standards Act ("FLSA"), which is currently *sub judice* before Your Honor.

In *Glatt*, the court adopted the "primary beneficiary" test to evaluate whether interns are trainees or employees and articulated numerous but non-exhaustive factors that courts should examine in deciding that question. *Id.* at 14-15. Of particular relevance to the pending motion here, the court vacated the District Court's grant of conditional certification to a putative collective of interns and emphasized that "the question of an intern's employment status is a highly individualized inquiry" and that the defendants' undisputed evidence "demonstrated that the various internship programs it offered differed substantially across many departments and four…divisions included in the proposed class." *Id.* at 19-20.

As explained in Defendants' Opposition to Plaintiff's Motion For Court Authorized Notice Pursuant to 29 U.S.C. § 216(b), Octagon's internship program is highly similar to that of Fox Searchlight in *Glatt*, as it is spread between two wholly separate business units (Talent & Properties and Marketing Americas) and among numerous departments within those two units, and varies substantially based on whether the internship occurs in the summer or during the school year. *See* Dkt. No. 23 (at 1-5, 8-10). Thus, just as in *Glatt*, the questions requiring individualized proof in this case outweigh any that may be answered with generalized proof, and collective action treatment is not proper.

We thank the Court for its consideration.



Honorable Analisa Torres
July 2, 2015
Page 2

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Robert Whitman*

Robert Whitman

cc:      Counsel of Record (via ECF)