```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/2015
```

JEFFREY R. KLEIN, individually and on behalf of other persons similarly situated who were employed by OCTAGON, INC.; OCTAGON MARKETING AND ATHLETE REPRESENTATION; OCTAGON USA; and/or any other subsidiaries or entities affiliated with or controlled by OCTAGON, INC.; OCTAGON MARKETING AND ATHLETE REPRESENTATION; OCTAGON USA,

Plaintiff,

-against-

OCTAGON, INC.; OCTAGON MARKETING AND ATHLETE REPRESENTATION; OCTAGON USA; and/or any other subsidiaries or entities affiliated with or controlled by OCTAGON, INC.; OCTAGON MARKETING AND ATHLETE REPRESENTATION; OCTAGON USA,

Defendants.

14 Civ. 6770 (AT)

**MEMORANDUM AND ORDER**

ANALISA TORRES, District Judge:

In this wage-and-hour action, Plaintiff, Jeffrey R. Klein, individually and on behalf of others similarly situated, alleges that Defendants, Octagon, Inc., Octagon Marketing and Athlete Representation, Octagon USA (collectively, "Octagon"), and Octagon's subsidiaries and affiliates violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). Plaintiff moves for conditional collective action certification and court-authorized notice pursuant to 29 U.S.C. § 216(b). For the reasons stated below, Plaintiff's motion is DENIED.

## BACKGROUND[1]

Octagon, Inc. and Octagon Marketing and Athlete Representation are corporations

---

[1] Unless otherwise indicated, the following facts are taken from the complaint and are accepted as true for the purposes of this motion. *See, e.g., Juarez v. 449 Restaurant*, 29 F. Supp. 3d 363, 371-72 (S.D.N.Y. 2014); *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.").

engaged in talent representation, event management, and sports and entertainment marketing and research.[2] Compl. ¶¶ 11-12, ECF No. 1. Defendants maintain sixty-eight offices across twenty-two countries, including one in Manhattan where Plaintiff worked as an unpaid intern from August to November 2011. *Id.* ¶¶ 14, 28, 34. During the internship, Plaintiff typically worked five days per week from 9:00 a.m. to 5:00 p.m., performing tasks including data entry, internet research, photocopying, errand running, and event coordinating. *Id.* ¶¶ 29-30.

In this action, Plaintiff alleges, *inter alia*, that to minimize labor costs, Defendants violated FLSA by: (1) misclassifying Plaintiff and other interns employed by Defendants between November 11, 2011 and the present (*i.e.*, the proposed collective) as exempt from federal and state minimum wage obligations; (2) failing to provide the statutory minimum hourly wage for all hours worked as required by 29 U.S.C. § 206; and (3) failing to pay all earned wages. *Id.* ¶¶ 2-4, 18-19, 34-35, 39. Plaintiff claims that he and other members of the proposed collective performed tasks necessary to the operation of Defendants' business, worked similar work schedules, were not provided academic or vocational training, and did not receive compensation. *Id.* ¶¶ 27, 29, 32-35, 38, 41.

In support of his motion for conditional certification, Plaintiff submits his own declaration and those of four other interns who worked at Octagon offices in California, Connecticut, Georgia, New York, and Virginia.[3] The declarants interned in various departments including public relations, corporate marketing, and athletes and personalities.[4]

---

[2] Octagon USA is a "fictitious entity" operating as Octagon, Inc. Compl. ¶ 13.

[3] Klein Decl. ¶ 2, ECF No. 44-1; Kaczkowski Decl. ¶ 2, ECF No. 44-2; Jacobsen Decl. ¶ 2, ECF No. 44-3; McCulley Decl. ¶ 2, ECF No. 44-4; Sullivan Decl. ¶ 2, ECF No. 44-5.

[4] *Id.*

Each of the declarants states that he or she worked as an unpaid intern performing tasks such as conducting research, preparing marketing presentations, and carrying out administrative duties.[5] These tasks differed by declarant.[6] Four of the five declarants state that they worked with or knew of other interns who were not being compensated for performing similar duties,[7] and that Octagon's paid employees would have needed to work longer hours had the declarant not done his or her work.[8] Four of the five declarants state that they received a packet containing Octagon's policies and procedures for interns.[9] Four declarants state that they did not receive formal training or attend educational seminars.[10] The fifth declarant states that the sole educational seminar that she and other interns in her office attended was a lunch meeting at which Octagon's business and history were discussed.[11]

In addition to the declarations, Plaintiff submits a copy of a brochure for the 2012 "Octagon Experience" summer internship program within Defendants' athletes and personalities division. Ambinder Decl. Ex. G, ECF No. 21-7. The document outlines a centralized application and evaluation process. *Id.* at 3, 11. Plaintiff also provides a copy of the 2012 "Octagon Athletes and Personalities Intern Guide," which outlines uniform policies for intern conduct, electronic communication, and social media use. Ambinder Decl. Ex. H, ECF No. 21-8.

---

[5] Klein Decl. ¶¶ 2, 5, 7; Kaczkowski Decl. ¶¶ 2, 6, 7; Jacobsen Decl. ¶¶ 2, 6, 7; McCulley Decl. ¶¶ 2, 4, 7; Sullivan Decl. ¶¶ 2, 5, 6.

[6] *Id.*

[7] Klein Decl. ¶ 6; Kaczkowski Decl. ¶ 7; Jacobsen Decl. ¶ 7; Sullivan Decl. ¶ 6.

[8] Klein Decl. ¶ 8; Kaczkowski Decl. ¶ 8; Jacobsen Decl. ¶ 8; Sullivan Decl. ¶ 7.

[9] Klein Decl. ¶ 3; Kaczkowski Decl. ¶ 4; Jacobsen Decl. ¶ 4; Sullivan Decl. ¶ 3.

[10] Klein Decl. ¶ 9; Kaczkowski Decl. ¶ 9; Jacobsen Decl. ¶ 9; Sullivan Decl. ¶ 8.

[11] McCulley Decl. ¶ 8.

## DISCUSSION

I. <u>Legal Standard</u>

The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To effectuate these broad remedial goals, Section 216(b) of the FLSA permits "similarly situated" employees to maintain collective actions to remedy violations of the statute, but only if such employees "consent in writing." § 216(b). Thus, potential plaintiffs must "opt-in" to participate in a FLSA collective action. The FLSA does not guarantee an initiating plaintiff a right to obtain a court-ordered notice to potential opt-ins; rather, district courts have discretion to implement Section 216(b) by facilitating notice. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir.2010).

Courts in this Circuit utilize a two-step process to determine whether to certify a collective action. *Id.* at 554-55. At the first stage (*i.e.*, the conditional certification stage), plaintiffs must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* at 555. If a plaintiff makes this showing, the court may authorize the plaintiff to send out notices to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to the FLSA violation alleged. *Id.* "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether [those] who have opted in are in fact 'similarly situated' to the named plaintiff[]." *Myers*, 624 F.3d at 555. The court may decertify the collective action if it determines that the opt-in plaintiffs are not in fact similarly situated, and the opt-in plaintiffs' claims will be dismissed without prejudice. *Id.*

II. <u>Application</u>

In *Glatt v. Fox Searchlight Pictures*, the Second Circuit recently articulated the standard to be applied in determining whether an unpaid intern is an employee under the FLSA. 791 F.3d 376, 381-85 (2d Cir. 2015). In doing so, it also clarified the standard to be applied at the conditional certification stage where the proposed collective consists of unpaid interns. *See id.* at 387-88. At issue in *Glatt* was a district court ruling that the interns in question were employees within the meaning of the FLSA, a determination that relied on a test derived from United States Department of Labor ("DOL") regulatory guidance. *Id.* at 382. On appeal, the Second Circuit rejected the DOL test and instead adopted the "primary beneficiary" test, which it described as having "two salient features": first, a "focus[] on what the intern receives in exchange for his work"; and second, the flexibility it accords courts "to examine the economic reality as it exists between the intern and the employer." *Id.* at 381-84. Significantly, the Second Circuit described the primary beneficiary test as "a highly individualized inquiry" that requires courts to "consider individual aspects of the intern's experience." *Id.* at 386, 388; *see also id.* at 384 (laying out a non-exhaustive list of factors for courts to weigh under the primary beneficiary test). Applying this new standard, the Second Circuit then vacated the district court's conditional certification of a nationwide FLSA collective consisting of individuals who held unpaid internships with entities related to Fox Searchlight and Fox Entertainment Group. *Id.* at 387-88. Specifically, the Second Circuit found that the "generalized proof" offered by the named plaintiff that the "interns were victims of a common policy to replace paid workers with unpaid interns" was insufficient to show that members of the proposed collective were "similarly situated even under the minimal pre-discovery standard" required for FLSA conditional certification. *Id.* Emphasizing that the primary beneficiary test requires courts to "consider individual aspects of the intern's

5

experience," the Second Circuit noted that "[n]one of the common proof identified by [the named plaintiff] . . . will address the[] questions" raised by the primary beneficiary test, and that the proposed nationwide collective would have a range of internship experiences that would raise "issues for the proposed collective." *Id.* at 388.

Here, Plaintiff's evidence is indistinguishable from the "generalized proof" described in *Glatt*. Plaintiff's primary evidence that members of the proposed collective were similarly situated consists of the assertion that the declarants worked with or knew of other interns who were not being compensated for performing similar duties. This, however, does not answer the questions posed by the primary beneficiary test—for example, "whether a given internship was tied to an education program, whether and what type of training the intern received, [and] whether the intern continued to work beyond the primary period of learning . . . ." *Id.* at 386. Moreover, the declarations submitted by Plaintiff suggest a degree of variation in internship experiences across Octagon's nationwide offices. The five declarants, for example, report performing differing duties, did not all receive the same level of training, and worked in different departments. Thus, in addition to Plaintiff's failure to adduce evidence relevant to the primary beneficiary test, the evidence that Plaintiff has submitted suggests that, as in *Glatt*, the internships offered by Octagon "differed substantially" throughout the country and presented a "range of experience [that would raise] issues for the proposed collective." *Id.* at 386, 388.

Accordingly, Plaintiff's motion for conditional certification is DENIED, without prejudice to renewal because the Second Circuit's decision in *Glatt* was issued after Plaintiff's motion for conditional certification had already been fully briefed.[12] At this stage, the Court need not address the substance of Plaintiff's proposed notice, the means for dissemination of that

---

[12] The Second Circuit noted in *Glatt* that it did not "foreclose the possibility that a renewed motion for conditional collective certification might succeed on remand under the revised standard." 791 F.3d at 388 n.7.

6

notice, or Plaintiff's request for the expedited discovery of names and contact information of those in the proposed collective.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for conditional collective action certification and court-authorized notice pursuant to 29 U.S.C. § 216(b) is DENIED without prejudice to renewal.

The Clerk of Court is directed to terminate the motion at ECF No. 20.

SO ORDERED.

Dated: September 30, 2015
    New York, New York

_____
ANALISA TORRES
United States District Judge