```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/16
```

JEFFREY R. KLEIN, individually and on behalf of other persons similarly situated who were employed by OCTAGON, INC.; OCTAGON MARKETING AND ATHLETE REPRESENTATION; OCTAGON USA; and/or any other subsidiaries or entities affiliated with or controlled by OCTAGON, INC.; OCTAGON MARKETING AND ATHLETE REPRESENTATION; OCTAGON USA,

Plaintiff,

-against-

OCTAGON, INC.; OCTAGON MARKETING AND ATHLETE REPRESENTATION; OCTAGON USA; and/or any other subsidiaries or entities affiliated with or controlled by OCTAGON, INC.; OCTAGON MARKETING AND ATHLETE REPRESENTATION; OCTAGON USA,

Defendants.

14 Civ. 06770 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 22, 2016, the Court issued an order directing Plaintiff to file supporting documentation in connection with Plaintiff's request for attorneys' fees. ECF No. 31. On July 28, 2016, Plaintiff filed supporting documentation. ECF No. 32. For the reasons stated below, the parties' request for the Court's approval of the proposed settlement agreement is GRANTED.

### DISCUSSION

Before approving a FLSA settlement, a district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In making this assessment, the court should consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the

possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted).

In addition, courts in FLSA cases must assess whether a proposed award of attorneys' fees is reasonable. Under the FLSA, a prevailing plaintiff is entitled to reasonable attorneys' fees and expenses. 29 U.S.C. § 216(b). Awarding attorneys' fees in this context is meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). Indeed, "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected." *Id.*

Having carefully reviewed the parties' submissions and considered the *Wolinksy* factors, the Court finds the settlement agreement of $17,500, inclusive of attorneys' fees, with $11,666.67 proposed to be awarded to Plaintiff, to be "fair and reasonable." The amount exceeds Plaintiff's unpaid minimum wages, including liquidated damages at 100 percent, which total $10,191.42. *See* letter dated May 16, 2016, ECF No. 30. The award covers some, but not all, of Plaintiff's alleged $2,500 in damages for failing to receive proper paystubs. *Id.*

The terms of the proposed settlement satisfy the FLSA's "uniquely protective" requirements. *Cheeks,* 796 F.3d at 207. The parties—each represented by experienced counsel—reached the settlement as a result of contested litigation and arm's-length negotiations. *See* letter dated May 16, 2016. There is no evidence that the parties engaged in fraud or collusion. The agreement's terms require Plaintiff to release only those claims "asserted in the Complaint." *Id.* Ex. 1. Moreover, the agreement does not contain a confidentiality provision. *Id.*

The Court also finds the award of $5,833.33 for attorneys' fees to be reasonable. "[A] fee that is one-third of the fund is typical." *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012). The Court is also guided by the *Goldberg* factors, which include:

> (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation ...; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.

*Id.* (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A Inc.,* 396 F.3d 96, 121-22 (2d Cir. 2005)) (quoting *Goldberger v. Integrated Resources*, Inc., 209 F.3d 43, 50 (2d Cir. 2000)). Having considered counsel for Plaintiff's contemporaneous billing records, the record in this case, and, in particular, the requested fee in relation to the settlement, the Court finds that the requested attorneys' fees are reasonable pursuant to 29 U.S.C. § 216(b).

## CONCLUSION

Accordingly, the parties' request for approval of the proposed settlement and the award of attorneys' fees is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: September 7, 2016
      New York, New York

                                          ANALISA TORRES
                                     United States District Judge